# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JUAREZ AGUIRRE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No.  1:13-cv-01656-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

On October 15, 2013, Petitioner filed the instant petition for writ of habeas corpus in this Court.

## I.
## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

1 Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules
2 Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is
3 the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v.
4 Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574;
5 Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

6      In this case, Petitioner complains that certain policies governing the official review of
7 mail in the Ventura County Jail have led to incorrect information being placed in his prison
8 record.  He requests that the Court review the classification findings made by the Ventura
9 County Sheriff's Department and the method used by the Ventura County Sheriff's Department
10 in reviewing mail.  Petitioner is not claiming he is in custody in violation of the Constitution.
11 He is challenging the conditions of his confinement, not the fact or duration of that confinement.
12 Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.
13 Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
14 complaint pursuant to 42 U.S.C. § 1983.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 4, 2013**

UNITED STATES MAGISTRATE JUDGE